**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Zionn Olah Tascyi Sandoval,<br><br>Defendant. | No. CR-23-00729-001-TUC-JAS (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a petition to revoke Defendant Zionn Sandoval's term of supervised release. For the following reasons, the Court will recommend that the district court find that Defendant violated his conditions of supervision as alleged.

## I.    Background

In 2024, Defendant pleaded guilty to one count of possession of an unregistered firearm. (Doc. 56.) He was sentenced to a term of imprisonment with a 36-month term of supervised release to follow. (Doc. 64.) The judgment requires that he follow certain conditions of supervision. Relevant here, mandatory condition 1 provides that Defendant "must not commit another federal, state or local crime." (*Id.* at 2.) Standard condition 10 provides that Defendant "must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon." (*Id.* at 3.)

In late 2025, Defendant's probation officer filed an amended petition to revoke Defendant's supervised release, alleging that he had violated mandatory condition 1 and standard condition 10. (Doc. 70.) The petition alleges that, on October 1, Tucson police

officers searched a vehicle in which Defendant was a passenger. (*Id.* at 1–2.) The police found a Springfield XD pistol under the seat where Defendant was sitting. (*Id.*) The police then searched Defendant's vehicle, where they found a magazine that fit the Springfield XD pistol as well as a box of 9-millimeter ammunition. (*Id.*) Defendant denied the allegations and proceeded to an evidentiary hearing. (Docs. 79, 80.)

At the hearing, the Government presented the testimony of Joel Woodward, Defendant's probation officer. (Doc. 85 at 5–6.) Officer Woodward testified that, on October 2, 2025, he received an electronic notification that local law enforcement had run a check on Defendant. (*Id.* at 9.) Officer Woodward requested information about the check and was then contacted by a Tucson police detective. (*Id.*) The detective explained that, while surveilling a residence, the police saw Defendant arrive and then leave with another individual. (*Id.* at 8.) The detective stated that the police stopped and searched the vehicle, and that the search revealed a Springfield XD pistol under the seat where Defendant was sitting. (*Id.*) The detective explained that the police then searched the vehicle that they had seen Defendant drive to the surveilled residence, and that that search revealed a magazine that fit the Springfield XD pistol as well as 9-millimeter ammunition. (*Id.*)

At the hearing, the Court took judicial notice of various court documents. (*Id.* at 5.) These include the complaint in Defendant's new case. (Pl.'s Ex. 1.) The complaint adds the following relevant information: Defendant was the registered owner and sole occupant of the vehicle that police saw him drive to the surveilled residence; and the front passenger seat where Defendant was sitting during the first search had a raised lip under it that would have made it difficult for a backseat passenger to shove a firearm under the seat. (*Id.* at 1.)

## II.    Legal Standard

A district court may revoke a term of supervised release if the defendant violates a condition of his supervision. 18 U.S.C. § 3583(e)(3). The Government must prove the violation by a preponderance of the evidence. *United States v. Turner*, 312 F.3d 1137, 1142 (9th Cir. 2002).

. . . .

- 2 -

### III.    Discussion

Allegation A accuses Defendant of violating mandatory condition 1 by committing the offense of felon in possession of a firearm. Allegation B accuses Defendant of violating standard condition 10 by possessing or having access to a firearm and ammunition. The Court finds that the Government has proven these violations by a preponderance of the evidence.

The offense of felon in possession of a firearm has four elements: the defendant knowingly possessed a firearm; the firearm had been moved in interstate commerce; the defendant had a legal status that made it unlawful for him to possess firearms; and the defendant knew of his prohibited status. Ninth Circuit Model Jury Instruction 14.15; *see* 18 U.S.C. § 922(g)(1). The record shows that Defendant is a convicted felon who knows of his status. (Doc. 64.) The complaint in Defendant's new case indicates that the firearm in question was moved through interstate commerce. (Pl.'s Ex. 1.) The question, then, is whether there is reason to believe that Defendant knowingly possessed the firearm. The answer is yes.

The Court credits Officer Woodward's account of his conversation with a Tucson police detective. In that conversation, Officer Woodward learned that Defendant was a passenger in a vehicle that was searched, and that police officers found a firearm under the seat where he was sitting. The firearm was found in a spot where Defendant easily could have placed it, indicating that the firearm was his. And although there was a backseat passenger behind Defendant, the lip underneath Defendant's seat would have made it difficult for that passenger to place the firearm there. Further, it is highly significant that a search of Defendant's vehicle turned up a magazine that fit the firearm. As noted, the vehicle was registered to Defendant, and officers observed that he was the sole occupant of it when he arrived at the surveilled residence. The proximity of the firearm to Defendant and the presence of a matching magazine in his vehicle make it more likely than not that the firearm belonged to him and that he knowingly possessed it. Thus, the Government has shown by a preponderance that Defendant violated mandatory condition 1 by committing

the offense of felon in possession of a firearm. Such possession necessarily establishes a violation of standard condition 10.

At the hearing, Defendant's counsel highlighted the absence of certain evidence, such as testimony from a Tucson police officer or evidence from Defendant's cellphone. (Doc. 85 at 29–31.) The question for the Court, though, is not what information is missing; it is whether the information available establishes a violation by a preponderance of the evidence. Defendant's counsel also emphasized that there are explanations for the firearm's presence besides Defendant's knowing possession of it. (*Id.* at 30–31.) While it is certainly "possible" that Defendant was unaware of the firearm's presence, the facts support the inference that that was not the case. Officers found evidence of firearm possession in two locations—a firearm within arm's reach of Defendant and a matching magazine in Defendant's vehicle. It is more likely than not that Defendant knowingly possessed the firearm and ammunition. Defendant's arguments to the contrary are not persuasive.

**IV.    Conclusion**

The Court recommends that the district court find that the Government has proven Allegations A and B (Doc. 70) by a preponderance of the evidence.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Crim. P. 59(b)(2). The parties have 14 days to respond to objections. The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 30th day of March, 2026.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

- 4 -